Not for Publication

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **DARREN R. JONES,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | **Civil Action No. 08-3062 (KSH)(MAS)** |
| | : | |
| | : | |
| **JOHN BOYLE, et al.,** | : | **OPINION AND ORDER** |
| | : | |
| **Defendants.** | : | |
| | : | |

**SHIPP, United States Magistrate Judge**

## OPINION

This matter comes before the Court by way of Plaintiff Darren Jones's Application for Pro

Bono Counsel. (Doc. No. 7.)  Indigent parties asserting civil rights claims have no absolute

constitutional right to counsel. *Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997).  In

determining whether to appoint counsel, a court should consider, as a preliminary matter, whether

the plaintiff's claim has some merit in fact and law. *Id.* at 457-58.  If the court determines that the

plaintiff's claims have some merit, then the court should consider the following factors:

(1) the plaintiff's ability to present his or her own case;

(2) the complexity of the legal issues;

(3) the degree to which factual investigation will be necessary and the ability of the plaintiff

to pursue such investigation;

(4) the amount a case is likely to turn on credibility determinations;

(5) whether the case will require the testimony of expert witnesses; and

(6) whether the plaintiff can obtain and afford counsel on his own behalf.

*Id.* (*citing Tabron v. Grace*, 6 F.3d 147, 155-56, 157 n.5 (3d Cir. 1993)).  The list of factors

identified in *Tabron* is not exhaustive, but rather serves as a "guidepost" for district courts.  *Id.* at

458.  Moreover, courts must "exercise care in appointing counsel because volunteer lawyer time is

a precious commodity and should not be wasted on frivolous cases." *Id.* (*citing Tabron*, 6 F.3d at

157.)

In this case, Plaintiff asserts, pursuant to Title VII of the Civil Rights Act of 1964, that

Defendants discriminated against him on the basis of his race.  (Complaint, Doc. No. 1.)

Specifically, Plaintiff claims that Defendants failed to provide him with a "safe, productive work

environment where advancement in salary and rank is based on merit and not on race." *Id.*  Plaintiff

also alleges that Defendants failed to "provide comparable pay for comparable time on the job and

performing comparable/the same service."  Plaintiff further alleges that the person "in charge of

conducting annual reviews is a racist white man and [Plaintiff is] a black man." *Id.*

Analysis of the *Tabron* factors in this case weighs in favor of denying the appointment of pro

bono counsel at this time.  It is apparent from Plaintiff's Complaint that he is able to articulate his

legal claims.  Plaintiff was also able to adequately prepare the pro bono counsel application.  In

addition, the legal issues here appear to be fairly straightforward.  While some factual investigation

may be necessary, it does not appear that Plaintiff is unable to conduct the investigation in this case.

Although the Court may have to make some credibility determinations, it does not appear that

Plaintiff will need expert testimony at this juncture.  Lastly, Plaintiff does not set forth any

independent efforts made to obtain an attorney, whether on a contingency fee basis or otherwise.

Accordingly, for the foregoing reasons, Plaintiff's application for appointment of counsel is

denied, without prejudice to Plaintiff raising the issue again should circumstances change.

## **ORDER**

IT IS ON THIS 23rd day of September, 2009,

ORDERED that Plaintiff Darren Jones's Application for Pro Bono Counsel is denied

without prejudice.

   s/ Michael A. Shipp

**MICHAEL A. SHIPP**
**UNITED STATES MAGISTRATE JUDGE**